IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **RYAN RANDALL RAMEY,** | * | |
| Petitioner, | * | |
| v. | * | Criminal No.: RWT 09-162 |
|  | * | Civil No.: RWT 11-293 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

## MEMORANDUM OPINION AND ORDER

On March 30, 2009, a grand jury charged the Petitioner in a four-count Indictment alleging that the Petitioner, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowing possess two firearms, in violation of 18 U.S.C. § 922(g)(1), did knowingly possess a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k), and did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1). Doc. No. 9. On November 4, 2009, Petitioner appeared before this Court and entered a guilty plea to Count One and Count Two of the Indictment, which charged him with possession of a firearm by a convicted felon. On February 3, 2010, this Court sentenced the Petitioner to 120 months imprisonment as to each count, with each sentence to run concurrently. Doc. No. 52.

On November 12, 2010, Petitioner filed a motion for disclosure and copy work, Doc. No. 54, and, on November 15, 2010, he filed a motion for return of property. Doc. No. 55. On February 2, 2011, Petitioner timely filed a motion to vacate his sentence under 28 U.S.C. § 2255, Doc. Nos. 67, 68, along with a request for a Rule 17 subpoena and motions for discovery

and disclosure, for equitable tolling extension, and for review of his sentencing transcript for error. Doc. Nos. 61, 62, 63, 64, 65. Petitioner argues in his motion to vacate that: (1) his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; (2) his guilty plea was either unlawfully induced or not voluntarily made; (3) he was denied effective assistance of counsel; (4) this Court failed to hold an inquiry into his claim of ineffective assistance of counsel; (5) his attorney failed to investigate mitigating evidence of his claims and theory of the case; (6) his conviction was obtained by a violation of the privilege against self-incrimination and a violation of contract; (7) his attorneys colluded with the Government or otherwise had a conflict of interest; and (8) the assigned Assistant United States Attorney, Deborah Johnston, committed prosecutorial misconduct and abused the grand jury process. Doc. No. 68.

On March 15, 2011, this Court entered an Order directing the Clerk to provide a copy of the motions to the Government and directed that it respond to the Petitioner's Motion to Vacate and his other associated motions. Doc. No. 70. On June 21, 2012, this Court entered a Memorandum Opinion and Order denying Petitioner's various motions and directing the Government to respond to the Motion to Vacate. Doc. No. 78.

On July 5, 2012, Petitioner filed a Rule 59(e) motion to alter or amend judgment. Doc. No. 79. On July 25, 2012, Petitioner filed a motion to strike the Government's response in opposition to his motion to vacate. Doc. No. 84. On July 27, 2012, this Court entered an order denying both motions. Doc. No. 85. On August 14, 2012, Petitioner filed an emergency motion for subpoena, Doc. No. 90, and on August 16, 2012, he filed a corrected emergency motion for subpoena. Doc. No. 92.

For the reasons discussed below, Petitioner's motions for equitable tolling extension,[1] review of sentencing transcript for error,[2] to vacate, to seal, and for subpoena,[3] Doc. Nos. 64, 65, 67, 82, 83, 90, and 92 will be denied, and Petitioner's motion for return of property will be granted in part and denied in part.

### I.     Standard of Review

Under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." *See* 28 U.S.C. § 2255; *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  A § 2255 claimant will be denied an evidentiary hearing if the petitioner fails to plead facts that establish a material dispute.  *See Higgs v. United States*, 711 F. Supp. 2d 479, 552 (D. Md. 2010) (citing *Townsend v. Sain*, 372 U.S. 293, 312 (1963)).

---

[1] "[E]quitable tolling is available only in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (internal quotation marks and citations omitted).  "Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external conduct, (3) that prevented him from filing on time." *Id.*  Ramey does not meet this standard, thus his motion will be denied.

[2] This Court previously instructed Ramey how to obtain copies of records in his criminal case.  *See* Doc. Nos. 56, 58.  The Court further instructed Ramey that he could receive copies of transcripts at the Government's expense only upon a showing of "particularized need."  Ramey has not shown particularized need for the sentencing transcript; therefore, his motion will be denied.

[3] As discussed in this Court's Memorandum Opinion and Order dated June 20, 2012, petitioners generally have limited access to discovery in habeas corpus proceedings. *See Bracy v. Gramley*, 520 U.S. 899, 909 (1997).  Indeed, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Id.* at 904.  Under the Rules Governing § 2255 Proceedings, a petitioner must seek leave of court and demonstrate "good cause," before he is entitled to any form of discovery.  Under Rule 6 of the Rules Governing § 2255 Proceedings, "good cause" exists when there is "reason to believe that [the petitioner] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Bracy*, 520 U.S. at 908–09.  Additionally, "[a] party requesting discovery must provide reasons for the request," and that the request "must specify any requested documents."  *See* Rules Governing § 2255 Proceedings, 28 U.S.C. § 2255 Rule 6(b).  Petitioner again fails to offer any concrete reasons for his requests for subpoena, merely concluding that they would validate his claims.  Therefore, his emergency motions for subpoena will be denied.

## II. Analysis

### a. Petitioner's Inability to Show Cause and Prejudice For His Failure to Advance Certain Claims on Direct Appeal Bars Their Consideration

The Government argues that the Petitioner's following claims should have been, but were not, raised on direct appeal: his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; his guilty plea was either unlawfully induced or not voluntarily made; his conviction was obtained by a violation of the privilege against self-incrimination and a violation of contract; and that the assigned Assistant United States Attorney, Deborah Johnston, committed prosecutorial misconduct and abused the grand jury process. Doc. No. 81 at 4. The Government maintains that because the Petitioner did not raise these issues on direct appeal, and because the Petitioner cannot show cause and prejudice for his failure to appeal these issues, he is procedurally barred from collaterally attacking them in a § 2255 motion.

A criminal defendant convicted in a federal court has the right to appeal his conviction. *See* 18 U.S.C. § 3742(a); 28 U.S.C. § 1291. There is a general rule in § 2255 proceedings "that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). This "doctrine [is] adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id.* The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982) (collecting cases). The Court explained that "[w]hen Congress enacted § 2255 in 1948, it simplified the procedure for making a collateral attack on a final judgment entered in a federal criminal case, but it did not purport to modify the basic distinction between direct review and collateral review." *Id.* (citation omitted).

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) *cert. denied,* 131 S. Ct. 620 (U.S. 2010) (quotation and spacing omitted); *see also United States v. Harris*, 183 F.3d 313, 317 (4th Cir. 1999) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a federal habeas proceeding only if the defendant can show both cause for and actual prejudice from the default . . . or that he is actually innocent.").

"The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Pettiford*, 612 F.3d at 280 (quotation omitted). A petitioner must demonstrate "some objective factor external to the defense impeded" compliance with the rule, or deficient counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see Lakey v. Huffman*, 941 F.2d 1207, at *1 (4th Cir. 1991) (unpublished) (per curiam) ("Existence of cause ordinarily turns on a showing of ineffective assistance of counsel, or an objective impediment which made compliance with a procedural rule impossible."). For a petitioner to succeed on actual innocence grounds he must demonstrate, by clear and convincing evidence, "actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *Pettiford*, 612 F.3d at 282.

Here, it is undisputed that the Petitioner did not pursue a direct appeal of his conviction or sentence. *See, e.g.*, Doc. No. 67 at 2. Additionally, the Petitioner has failed to produce evidence to show good cause why he failed to pursue a direct appeal of these issues or that he is

actually innocent.[4]  Thus, because collateral relief cannot be used as a substitute for an appeal, the Petitioner's claims unrelated to his argument about ineffective counsel are barred.

### b. Petitioner Had Effective and Competent Counsel

The Petitioner's ineffective assistance of counsel claims include the following arguments: (1) that his attorneys coerced him into making an involuntary plea; (2) that his attorneys failed to (or withheld) discovery from him and failed to inform him about "the nature of the charges and proceedings or how they arose under the laws of the United States," among other claims of general misconduct; (3) that both his attorneys failed to investigate evidence that he claims would have rebutted some of the information reported by the Prince George's County Police that led to the initial search or that there was no nexus to a drug crime or about illegal warrantless tracking; (4) that his attorney, Christopher Mead, failed to investigate Petitioner's claims against his first attorney, Timothy Sullivan; (5) that Mr. Sullivan "tricked" the Petitioner into proffering to the United States Attorney's office and signing a proffer agreement that led to the discovery of previously unknown evidence and (6) that both attorneys had conflicts of interest.  *See* Doc. Nos. 67, 68.

In evaluating claims of ineffective assistance of counsel, the Court applies the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985).  First, Petitioner must show that counsel's representation fell "below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  In reviewing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  There is a presumption that counsel's actions are strategic trial decisions.  *Id.*  The court is thus highly deferential to

---

[4] The Court, based on the record before it, could not find in Petitioner's motion to vacate and his accompanying memorandum any discussion of his decision to forego a direct appeal.  Additionally, the Petitioner did not argue that his failure to appeal was because of ineffective counsel.

counsel's decisions and reviews the challenged conduct in light of the totality of circumstances. *Id.* at 689–90. Under the second prong of the *Strickland* test, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

> i. **The Petitioner's Statements During His Rule 11 Colloquy With This Court Contradict His Ineffective Assistance of Counsel Arguments**

The Government argues that this Court "should not entertain" the Petitioner's claims of ineffective assistance of counsel because of the statements made by the Petitioner during his Rule 11 colloquy. Courts use the Rule 11 colloquy as means for curing any potential deficiencies and ensuring the defendant is not prejudiced in his plea. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995). During a Rule 11 colloquy, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Ultimately, the authority to decide to enter a guilty plea lies with the defendant. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). In *Hill v. Lockhart*, the court determined the validity of a guilty plea based on "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." 474 U.S. at 56 (citing *North Carolina v. Alford*, 300 U.S. 25, 31 (1970)). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992); *see Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001).

During the Petitioner's colloquy, this Court asked the Petitioner if he was "fully satisfied with the counsel, representation and advice that's been given to [him] in this case by [his]

attorneys" to which the Petitioner replied "Yes." Rule 11 Colloquy Tr. 4:16-19. The Court also inquired about the Petitioner's previous attorney, Timothy Sullivan.[5] The Court asked: "Now, there was a prior time when you were represented by Timothy Sullivan, and you had some disagreements with his advice and you filed a series of motions before this Court. Do you still wish to press or pursue any of those motions" to which the Petitioner responded: "No, Your Honor." *Id.* 4:20-25. The Court then concluded that:

> those motions are withdrawn. That includes a motion to suppress, a motion for extension of time to file, a motion for ineffective assistance of counsel, a motion for discovery, a motion to rescind motion for suppression of evidence, a motion for copy work and a motion to amend for ineffective assistance of counsel. I'll deem those as withdraw. Is that correct?

*Id.* 5:1-8. The Petitioner responded: "Yes, Your Honor." *Id.* 5:9. The Court then asked the Petitioner about his relationship with his attorney Mr. Mead. The Court inquired: "Now, you do not have any difficulties or issues with the representation that's been given to you in this case by your attorney Mr. Mead" to which the Petitioner responded "No. No, Your Honor." *Id.* 5:10-13.

The Court then inquired about the Petitioner's understanding of his plea agreement. The Petitioner confirmed that he had read and signed it, that he had discussed the agreement with his attorneys, and that he understood the agreement. *Id.* at 5:22-6:11. Assistant United States Attorney Johnson summarized the terms of the plea agreement at the end of which the Court asked the Petitioner if he had "any concerns about her description" to which the Petitioner responded "No, Your Honor." *Id.* at 12:20-22. The Court asked if "her description [was]

---

[5] On March 6, 2009, Mr. Sullivan entered his appearance for the Petitioner. Doc. No. 25. On September 4, 2009, Petitioner sent Mr. Sullivan a letter "setting forth a litany of complaints about counsel's legal representation of [Petitioner] to date and 'discharging' counsel." *Id.* at 2. On September 4, 2009, Mr. Sullivan filed a motion to withdraw as counsel, *id.*, which this Court granted on September 9, 2009. Doc. No. 30. Mr. Mead entered his appearance for the Petitioner on September 21, 2009. Doc. No. 33.

consistent with [his] understanding of what the agreement is" to which the Petitioner responded "Yes." *Id.* 12:23-25.

The Court asked the Petitioner: "In making your decision to plead guilty, and to enter into this agreement, are you relying upon any promises or assurances of any nature whatsoever that are not contained in this document" to which the Petitioner responded: "No, Your Honor." *Id.* 13:5-9. The Court also inquired "has anybody threatened you or tried to force you to enter into the agreement and plead guilty in this case" to which the Petitioner replied: "No, Your Honor." *Id.* 13:15-18. The Petitioner acknowledged that he understood that under his plea agreement he faced a sentence between 87 to 188 months based on an offense level 29, depending on his criminal history category. *Id.* 19:20-20:9. The Court concluded by asking the Petitioner if he was "pleading guilty because [he was], in fact, guilty," to which he answered: "Yes, Your Honor." *Id.* 31:22-24. When asked if there was "anything about the proceeding today that [he] did] not understand" the Petitioner responded "No, Your Honor." *Id.* 31:25-32:2.

Based on Petitioner's statements made on the record, under oath, during the Rule 11 colloquy there is no indication that the Petitioner's plea was not knowing or intelligent or that his plea was the product of coercion. Additionally, the Petitioner indicated that his was satisfied with his attorneys' performance and he withdrew motions alleging ineffective assistance of counsel. Therefore, because the Petitioner fails to produce "clear and convincing evidence to the contrary," he is "bound by the representations he [made] under oath during [his] plea colloquy." *Fields*, 956 F.2d at 1299.

### ii. Even Accepting Petitioner's Claims of Ineffective Assistance of Council as True, Petitioner Fails to Demonstrate Prejudice

Even assuming, without deciding, that the Petitioner can succeed in demonstrating that his attorneys' performance "fell below an objective standard of reasonableness," he must still

9

demonstrate that his attorneys' "deficient performance prejudiced the defense." *Strickland*, 466 U.S. 687-88. In order to satisfy the prejudice prong when a petitioner raises an ineffective assistance of counsel claim in a § 2255 motion, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Here, the Petitioner does not allege that he would not have pleaded guilty but for the coercion of counsel. Even if Petitioner's allegations of coercion to sign the guilty plea are accepted as true, Petitioner fails to demonstrate that "there is a reasonable probability that but for" his attorneys' errors he would have not plead guilty. *Strickland*, 466 U.S. at 694. Petitioner's responses to the Rule 11 colloquy directly contract any claim that he would not have plead guilty. For example, the Court asked the Petitioner if "anybody threatened [him] or tried to force [him] to enter into the agreement and plead guilty in this case" to which the Petitioner replied: "No, Your Honor." Rule 11 Colloquy Tr. 13:15-18. Additionally, when the Court asked the Petitioner if he was "pleading guilty because [he was], in fact, guilty," he responded: "Yes, Your Honor." Rule 11 Colloquy Tr. 31:22-24.

### III.   Conclusion

Because the Petitioner fails to demonstrate that his attorneys' representation fell below an objective standard of reasonableness or that, but for his attorneys' performance there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial, Petitioner is not entitled to relief. Accordingly, it is, this 29th day of August, 2012, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's Motion to Vacate Under 28 U.S.C. § 2255, Doc. No. 67, is **DENIED**; and it is further

**ORDERED**, that Petitioner's Motion to for Equitable Tolling Extension, Doc. No. 64, is **DENIED**; and it is further

**ORDERED**, that Petitioner's Motion for Review of Sentencing Transcript for Error, Doc. No. 65, is **DENIED**; and it is further

**ORDERED**, that Petitioner's Motions to Seal, Doc. No. 82, 83, is **DENIED**; and it is further

**ORDERED**, that Petitioner's Motions for Emergency Subpoena Doc. Nos. 90, 92, are **DENIED**; and it is further

**ORDERED**, that Petitioner's Motion for Return of Property, Doc. No. 55, is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED**, that the Government is **DIRECTED** to return the following items: (1) computer equipment, (2) jacket, (3) documents not pertaining to drug distribution or weapons, and (4) photographs; and it is further

**ORDERED**, that the Clerk is directed to **CLOSE** this case; and it is further

**ORDERED**, that the Clerk is directed to mail a copy of this memorandum opinion and order to the Petitioner.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE