## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **RYAN RANDALL RAMEY,** | \* <br> \* <br> \* |
| Petitioner, | \* <br> \* |
| v. | \*     Criminal No. RWT-09-0162 <br> \*     Civil No. RWT-11-0293 <br> \* |
| **UNITED STATES OF AMERICA,** | \* <br> \* |
| Respondent. | \* <br> \* |

### MEMORANDUM OPINION AND ORDER

This matter arises out of a firearm and drug possession case, in which Petitioner Ryan Ramey ultimately pled guilty to two counts of possession of a firearm by a convicted felon and was sentenced to 120 months of imprisonment.  On February 2, 2011, Ramey moved this Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  ECF No. 67.  This Court denied his petition on August 29, 2012, ECF No 95, and the Court of Appeals for the Fourth Circuit denied him a certificate of appealability and dismissed his appeal on May 28, 2013, ECF No. 102.  The mandate took effect on August 29, 2013.  ECF No. 108.  Now pending before the Court is Ramey's petition under Federal Rule of Civil Procedure 60(b) to vacate this Court's August 29, 2012 order denying his § 2255 petition.

### BACKGROUND

On March 30, 2009, a grand jury charged Ramey in a four-count Indictment alleging that Ramey—having been convicted of a crime punishable by imprisonment for a term exceeding one year—knowingly possessed two firearms in violation of 18 U.S.C. § 922(g)(1), one firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k), and 62 grams cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  ECF No. 9.  On November 4, 2009, Ramey

pleaded guilty before this Court to two counts of possession of a firearm by a convicted felon pursuant to a plea agreement with the Government.  ECF No. 77.  On February 2, 2010, this Court sentenced Ramey to 120 months imprisonment as to each count, with each sentence to run concurrently.  ECF No. 45.  Judgment was entered on February 3, 2010.  ECF No. 46.  No appeal was filed.

The filing history subsequent to Ramey's sentencing, which began approximately one year later, is haphazard and disorganized, with certain motions being filed improperly and others prematurely.  Ramey's numerous filings include motions for return of property, for copy work, for a subpoena pursuant to Federal Rule of Criminal Procedure 17, for discovery and disclosure of documents, to review of grand jury and sentencing transcripts, for equitable tolling, to alter or amend judgment pursuant to Federal Rule of Criminal Procedure 59(e), to seal his Rule 59(e) motion, to vacate pursuant to 28 U.S.C. § 2255, to strike the Government's response in opposition to his § 2255 petition, and for an emergency subpoena.  ECF Nos. 55, 60–65, 67–68, 79, 83–84, 90, 92.   The Government responded to most of these motions separately, ECF Nos. 72, 81, and the Court entered orders denying all the motions, with the exception of an order directing the Government to return some of Ramey's property, on July 27 and August 29, 2012, ECF Nos. 78, 85, 95.

Ramey appealed three of this Court's decisions to the Fourth Circuit.[1]   On August 9, 2012, Ramey appealed this Court's denial of his Rule 59(e) motion and his motion to strike the Government's response in opposition to his § 2255 petition to the Fourth Circuit, ECF No. 86, which it dismissed for failure to prosecute on November 19, 2012, ECF No. 96. The mandate took effect that same day.  ECF No. 97.  On December 28, 2012, Ramey appealed this Court's denial of his motion to vacate pursuant to 28 U.S.C. § 2255 to the Fourth Circuit,

[1] Ramey also filed two premature notices of appeal.  *See* ECF Nos. 87, 126.

ECF No. 99, which it dismissed on May 28, 2013, ECF No. 102.  The mandate took effect on August 29, 2013.  ECF No. 108.

On November 21, 2013, Ramey filed the present motion under Federal Rule of Civil Procedure 60(b) to vacate this Court's August 29, 2012 order denying his § 2255 petition. ECF No. 113.  The Government filed a response in opposition on April 11, 2014, ECF No. 117, and Ramey replied in support on April 24, 2014, ECF No. 118.

## DISCUSSION

Ramey moves for reconsideration under Federal Rule of Civil Procedure 60(b) to vacate this Court's August 29, 2012 order denying his § 2255 petition.  ECF No. 113, at 8.  In the Rule 60(b) Motion, Ramey alleges (1) that he was denied a fair opportunity to research and prepare his § 2255 petition; (2) that he was denied exculpatory evidence during the § 2255 process; and (3) that this Court failed to address certain allegations of ineffective assistance enumerated in his § 2255 petition.  ECF No. 113, at 8–9.  The Court finds that the self-styled Rule 60(b) Motion fails for its untimeliness and evident lack of merit, and, to the extent it might be considered a second or successive § 2255 petition, is dismissed absent authorization from the Fourth Circuit.

In *United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir. 2003), the Fourth Circuit distinguished between a Rule 60(b) motion and a 28 U.S.C. § 2255 petition to vacate, set aside or correct a sentence.  The Fourth Circuit explained that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider."  *Id.* at 207.  Because Ramey's motion is focused on alleged defects in the collateral review process, the Court concludes that it is properly considered under Rule 60(b).

*See Handy v. United States*, No. 04-CR-559-AW, 2013 WL 6388602, at *1 (D. Md. Dec. 5, 2013).

Relief from judgment pursuant to Rule 60(b) is a matter committed to the discretion of the district court. *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973).   In order to prevail under Rule 60(b), a petitioner must first meet certain "threshold conditions." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264–65 (4th Cir. 1993).   It must be shown that the motion is timely, there is a meritorious defense, and the opposing party would not suffer unfair prejudice by having the judgment set aside.   *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).   If threshold conditions are met, the analysis proceeds to a second stage of inquiry wherein the petitioner must then satisfy one of the six enumerated grounds for relief under Rule 60(b).   *See Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). Those enumerated grounds are the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Motions within each Rule 60(b) category are subject to various limitations.  For example, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."   Fed. R. Civ. P. 60(c)(1); *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991).   What constitutes a "reasonable time" for the filing of a

Rule 60(b) motion "depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties." *United States v. Benjamin*, No. CIV.A. DKC-07-148, 2007 WL 686730, at *2 (D. Md. Mar. 5, 2007) (internal citation omitted).  In addition, the Fourth Circuit has noted that the catchall provision of Rule 60(b)(6) may only be invoked in "extraordinary circumstances."  *See, e.g.*, *Aikens v. Ingram,* 652 F.3d 496, 500 (4th Cir. 2011).

It is undisputed that the Rule 60(b) Motion is untimely.  ECF No. 113, at 11.  Ramey filed the Rule 60(b) Motion well over one year after entry of the judgment from which relief is sought, and the Court finds unavailing and confusing his explanations for the delay.  *See* ECF No. 113, at 11–16.  Furthermore, even if the Court did accept Ramey's arguments for an exception to the one-year requirement, Ramey does not specify under which subsection of Rule 60(b) his motion for reconsideration is brought and provides no information that might lead to a reasonable conclusion that any of the subsections apply to his claims.  Rule 60(b) allows the Court to relieve a party from a final judgment under a specifically enumerated set of circumstances, and Ramey's arguments, alleging that he was not afforded fair opportunity to develop and prepare his § 2255 petition and that this Court failed to address certain ineffective assistance claims raised in his § 2255 petition,[2] do not fit into any of the limited circumstances allowed under Rule 60(b).  Accordingly, Ramey's motion to reinstate his § 2255 petition,

---

[2] Ramey alleges this Court did not address three allegations of ineffective assistance enumerated in his § 2255 petition: failure to present exculpatory evidence, failure to challenge a 4-level enhancement pursuant to U.S.S.G. § 2K2.1, and insistence that he not object during the sentencing hearing. ECF No. 113, at 8–9.  The Court addressed the allegation regarding exculpatory evidence in Part II.b of its memorandum opinion denying Ramey's § 2255 petition.  *See* ECF No. 95, at 6–10.  The remaining allegations, regarding a 4-level enhancement and insistence against objecting, were not presented to the Court in Ramey's § 2255 petition or supplement.  *See* ECF No. 67, 68.  Even if Ramey had submitted these allegations, however, both would still fail under the *Strickland* test that this Court detailed in its analysis at Part II.b.  *See* ECF No. 95, at 6–10.

although cognizable under Rule 60(b), shall be denied as so attenuated and unsubstantial as to be absolutely devoid of merit.

To the extent Ramey directly attacks his conviction or sentence in his self-styled Rule 60(b) Motion, his claims must be dismissed.  A second or successive § 2255 petition may not be filed absent authorization from the Fourth Circuit.  *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *In re Vial*, 115 F.3d 1192, 1197–98 (4th Cir. 1997).  Such authorization is granted only if the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  These circumstances are not present in Ramey's claims, and there is no indication that the Fourth Circuit authorized the filing of a successive § 2255 petition. Accordingly, Ramey's motion will be denied.

## CERTIFICATE OF APPEALABILITY

Ramey may not appeal this Court's denial of relief under Rule 60(b) unless it issues a certificate of appealability.  *Reid v. Angelone*, 369 F.3d 363, 369 (4th Cir. 2004).  A certificate of appealability will not issue unless Ramey has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c) (2012); *see also Reid*, 369 F.3d at 369 ("[I]t would be rather anomalous for Congress to have intended to screen out unmeritorious appeals from denials of habeas corpus petitions and yet not have wished to apply this same screen to 60(b) motions seeking to revisit those denials.").  "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise

debatable."  *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009).   This Court has assessed the claims in Ramey's motion to vacate his § 2255 petition on the merits and found them deficient.   No reasonable jurist could find merit in any of Ramey's claims, and thus no certificate of appealability shall issue.

## CONCLUSION

The Court finds that the Rule 60(b) Motion fails for its untimeliness and lack of merit, and is dismissed to the extent it might be considered a successive § 2255 petition.   Ramey's motion will be denied and no certificate of appealability shall issue.   Accordingly, it is, this 8th day of July, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's Motion for Relief Pursuant to Rule 60(b) (ECF No. 113) is hereby **DENIED**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT BE ISSUED**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Petitioner.


                                        _____/s/_____
                                        Roger W. Titus
                                        United States District Judge